UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT SHARON,

    *Plaintiff,*

v.

MIKE CHERY, et al.,

    *Defendants.*

Civil Action No. 15-7130

OPINION

**ARLEO, UNITED STATES DISTRICT JUDGE**

**THIS MATTER** comes before the Court on Plaintiff Robert Sharon's ("Plaintiff") revised motion for final judgment by default against Defendants Mike Chery and Annia J. Charles ("Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 17. For the reasons set forth herein, the motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

This matter arises from Plaintiff's claim that Defendants failed to make payments pursuant to a Note and Mortgage executed by the parties.

Plaintiff is an individual and a resident of the State of New York. Compl. ¶ 1, ECF No. 1. Defendants are individuals and residents of the State of New Jersey. Id. ¶ 2. On October 22, 2010, Plaintiff extended a loan to the Defendants in the principal amount of $100,000.00, with interest to accrue at 18% per annum. Id. ¶ 7; see also Affirmation of Claudia A. Costa ("Costa Aff.") Ex. B ("Note"), ECF No. 13-2.[1] Pursuant to the terms of the Note, Defendants were to make monthly

---

[1] Because the Note submitted with Plaintiff's most recent motion is missing several pages, the Court will refer to Plaintiff's prior submission of the full Note.

1

payments towards the principal and interest, commencing on November 22, 2010. Compl. ¶ 7. To secure their obligation pursuant to the Note, Defendants executed and delivered a Mortgage to Plaintiff, upon the land and premises located at 205 North Clinton Street, East Orange, New Jersey. Id. ¶ 8; see also Costa Aff. Ex. C ("Mortgage"), ECF No. 18-3. The Mortgage was recorded in Essex County on December 10, 2010. Compl. ¶ 8.

The Note provides that if Defendants fail to make payments pursuant to its terms, Defendants would be in default under the Note and Mortgage and the entire principal, with all unpaid interest, would become immediately due and payable in full, at Plaintiff's option. Id. ¶ 10. In April 2012, Defendants defaulted on the terms of the Note and Mortgage by failing to make the required payments. Id. ¶ 12.

Plaintiff filed a two count Complaint on September 28, 2015, seeking the full amount of the loan, interest, attorneys' fees, costs, and punitive damages. Count 1 asserts that Defendants breached the Note and Mortgage by failing to make payments pursuant to their terms. Id. ¶¶ 12-16. Count 2 asserts that Defendants fraudulently induced Plaintiff into loaning monies pursuant to the Note and Mortgage by representing that they would pay back the monies, with interest. Id. ¶¶ 19-24.

Defendants were served with a summons and copy of the Complaint on October 9, 2015. ECF Nos. 3, 4. The time to answer or otherwise move as to the Amended Complaint has expired. Plaintiff moved for default on March 22, 2016, and the Clerk entered default against Defendants on March 23, 2016. ECF No. 6. On April 26, 2016, Plaintiff filed a motion for default judgment. ECF Nos. 7, 8. On November 22, 2016, the Court denied Plaintiff's motion for default judgment without prejudice because Plaintiff had not complied with the Local Rules regarding submission of a brief and had not provided sufficient proof of damages. ECF No. 11. On December 21, 2016,

Plaintiff filed a revised motion for default judgment. ECF Nos. 12-13. On February 23, 2017, the Court again denied Plaintiff's motion because he had not adequately detailed the calculation of damages. ECF No. 15. On May 5, 2017, Plaintiff filed a third motion for default judgment. ECF No. 17. With this motion, Plaintiff submitted the Note, the Mortgage, and a calculation of its requested damages. See Costa Aff. Exs. B-D. To date, Defendants have not filed any opposition to the motion.

## II.     LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of New York and Defendants are citizens of New Jersey and the amount in controversy exceeds $75,000. Compl. ¶ 3. The Court has personal jurisdiction over Defendants because they reside in New Jersey and were served there. See id. ¶ 2; Executed Summons, ECF Nos. 3, 4. Venue is proper pursuant to 28 USC § 1391, as Defendants reside in New Jersey and the events giving rise to the claim arose in the State. Compl. ¶¶ 4-5. Additionally, Plaintiff has provided the Court with proof of service. See Costa Aff. ¶ 5; Executed Summons, ECF Nos. 3, 4.

#### B. Liability

To prevail on a breach of contract claim in New Jersey, a plaintiff must prove "a valid contract between the parties, the opposing party's failure to perform a defined obligation under the contract, and the breach caused the claimant to sustained damages." EnviroFinance Grp., LLC v. Envtl. Barrier Co., LLC, 440 N.J. Super. 325, 345 (App. Div. 2015) (citing Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007)). The Complaint asserts that there was a contractual relationship between the parties pursuant to the Note and Mortgage; that Defendants breached the Note by failing to make required monthly payments towards the principal and interest; and that Plaintiff suffered damages. Accordingly, Plaintiff has adequately pled a breach of contract.[2] See, e.g., U.S. Small Bus. Admin. v. Silver Creek Const. LLC, No. 13-6044, 2014 WL 3920489, at *5

---

[2] Because Plaintiff's breach of contract claim provides the full relief requested, the Court declines to consider Plaintiff's cause of action for fraudulent inducement.

4

(D.N.J. Aug. 11, 2014) (holding that the plaintiff had stated a claim for breach of contract due to the defendant's failure to make payments pursuant to a note secured by a mortgage).

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Silver Creek, 2014 WL 3920489, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint and have not responded. Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seeks $214,881.68 in damages, consisting of unpaid principal, interest, and late charges as of May 5, 2017. See Costa Aff. ¶ 16. In support of this relief, Plaintiff submitted the Note, Mortgage, and a schedule demonstrating the amount due. See id., Exs. B-D.

Plaintiff first seeks repayment of the remaining principal of the loan, in the amount of $98,079.87. Id. ¶¶ 12, 16; Costa Aff. Ex. D. The right to this relief is clearly established in the Note and the Mortgage, and the Court finds that Plaintiff has met his burden to demonstrate an entitlement to these damages. See Note ¶¶ 1, 6; Mortgage, Definitions ¶ R.

Plaintiff also asks for interest in the amount of $91,704.67, which is calculated at the rate of 18% per annum from Defendant's last payment in March 2012 to May 5, 2017. Costa Aff. ¶¶

13-14. This request is supported by the terms of the Note, pursuant to which Defendants agreed to pay "interest on the principal amount hereof outstanding from time to time from the date hereof at the fixed rate of EIGHTEEN (18.0%) per annum until this Note shall have been paid in full." Note ¶ 1 (emphasis removed). As the Note has not yet been paid in full, the Court is satisfied that Plaintiff is entitled to the requested interest.[3]

Finally, Plaintiff requests late charges in the amount of $25,097.14. Costa Aff. ¶¶ 15-16. Although the Note provides that Defendant shall "pay the Lender a late charge of 5% of the overdue payment" if any payment is not received within fifteen days after its due date, see Note ¶ 4, Plaintiff does not provide any explanation of how he arrived at $25,097.14. The Court therefore denies this request without prejudice.

In sum, the Court is satisfied that Plaintiff is entitled to $98,079.87 in unpaid principal and $91,704.67 in interest, and will enter a judgment against Defendants in the amount of $189,784.54.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default is **GRANTED** in part and **DENIED** in part without prejudice, and judgment is entered against Defendants in the amount of $189,784.54. An appropriate Order accompanies this Opinion.

**Dated: July 28, 2017**

/s Madeline Cox Arleo
**Hon. Madeline Cox Arleo**
**United States District Judge**

---

[3] The Court also notes that even if the Note did not include the "until . . . paid" language, where a contract is silent on the post-maturity interest rate, New Jersey courts continue to apply the pre-maturity interest rate specified in the contract. See Jersey City v. O'Callaghan, 41 N.J.L. 349, 349 (1879); Wilson v. Cobb, 31 N.J. Eq. 91, 91 (Ch. 1879); see also B. Rogers, Rate of Interest After Maturity on Contract Naming Rate but Not Employing Term "Until Paid," or Similar Phrase, 75 A.L.R. 399 (noting that in certain states, including New Jersey, "where a contract fixes the rate of interest to be paid before maturity, but is silent as to the rate to be paid after maturity, the stipulated rate attends the contract until it is merged in the judgment").